FILED
JAMES BONINI
CLERK

## AFFIDAVIT ACCOMPANYING INFORMATION
## IN SUPPORT OF AN ARREST WARRANT

2011 SEP 2  AM 10:11   2:11 cr   223

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

I, Terrance L. Brown, a Special Agent with the Internal Revenue Service-Criminal Investigation Division, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the IRS-CID since 2005, and am currently assigned to the Cincinnati Field Office. As a federal agent, I am authorized to investigate violations of laws of the United States.

2. I make this affidavit in support of an application for an arrest warrant for Arthur E. Schlichter for violation of 18 U.S.C. § 1343, wire fraud. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement agents, and on my experience and training as a Special Agent.

3. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Arthur E. Schlichter has committed a violation of 18 U.S.C. § 1343.

4. Section 1343 of Title 18 provides in relevant part as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

5. In 2009, your affiant began an investigation into possible criminal offenses by Arthur E. Schlichter. During the course of the investigation, I interviewed multiple witnesses, some of whom said that Arthur E. Schlichter had obtained money from them based on representations by Schlichter that he could obtain athletics tickets at extremely low prices, based on Schlichter's personal connections through his history and association with The Ohio State University and the National Football League, and others of whom said that Schlichter had obtained money from them based on representations by Schlichter that he was running a ticket-resale investment business that would obtain tickets in like fashion. The witnesses further advised that they did not receive the tickets that Schlichter had promised and that he had not provided them with the return on their investment as promised.

6. Your affiant interviewed Schlichter in February 2011. During that interview, after having been advised of his rights, Schlichter admitted that:

A. Beginning in 2006, he had devised a scheme to obtain money by fraudulent pretenses, representations, or promises. Schlichter offered individuals the opportunity to purchase tickets to athletics events—principally, Ohio State football and, to a lesser extent, basketball, as well as pro football, particularly the Super Bowl—from him at low prices. He represented that he had personal connections, through his history and association with The Ohio State University and the National Football League, that enabled him to get the tickets at such low prices.

B. By 2008, Schlichter was further soliciting some people to invest in a ticket-resale business that he was purportedly operating. He represented to them he was buying tickets (using his supposed personal connections) at low prices and in bulk, and that he would then re-sell the tickets at a profit.

    C. On or about August 5, 2008, in execution of the fraudulent scheme, Schlichter instructed a person to send a wire transfer of funds as an "investment" in the purported ticket-resale business, from an account in Florida to one that Schlichter controlled in the Southern District of Ohio, and the person did.

    D. In truth, however, Schlichter did not have connections through which he could get tickets at unusually low prices, and he did not use the money that people gave to him buy tickets or to invest in a ticket-resale business for either purpose. Schlichter instead spent the money on personal expenses, gambled with it, or used it to repay older debts.

  8. Based on the above information, your affiant respectfully submits that there is probable cause to believe that Arthur E. Schlichter has committed the offense of wire fraud, in violation of 18 U.S.C. § 1343.

_____
TERRANCE L. BROWN
Special Agent
Internal Revenue Service-Criminal Investigation Division

Sworn and subscribed in my presence this 12th day of September, 2011.

_____
ROBERT C. BUCHLER Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My Commission has no expiration
date. Section 147.03 O.R.C.