# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **Plaintiff,** | : |
| | : CRIMINAL NO: 2:11-CR-223 |
| | : JUDGE WATSON |
| vs. | : |
| **ARTHUR SCHLICHTER** | : |
| **Defendant.** | : |

## STATE OF OHIO'S MOTION FOR ORDER TO APPLY MONIES HELD BY THE FEDERAL DISTRICT COURT CLERK FOR PAYMENT OF RESTITUTION

Now comes the State of Ohio, by and through the Franklin County Prosecuting Attorney, and moves this Court for an Order requiring the Federal District Court Clerk to turn over to the Franklin County Common Pleas Clerk of Courts monies it has in its possession, received by the Defendant out of the NFL Concussion Settlement, and currently held for the benefit of the Defendant's victims, and more specifically, the portion of the funds attributable victim Anita Barney. The grounds for this motion are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

**RON O'BRIEN**
**PROSECTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

*Nick A. Soulas, Jr.\\*
Nick A. Soulas, Jr.   (0062166)
First Assistant Prosecuting Attorney
373 South High Street, 13th Fl.
Columbus, Ohio 43215-6318
Tel:    (614) 525-3520
Fax:    (614) 525-6012
E-mail:  nasoulas@franklincountyohio.gov

**MEMORANDUM IN SUPPORT**

On May 16, 2012, a judgment was rendered against the Defendant in Case No. 2:11-CR-223, in an amount exceeding two million dollars. In 2018, it was discovered that Defendant was entitled to settlement proceeds from the class action lawsuit filed against the National Football League and NFL Properties LLC, *In re: National Football League Players' Concussion Injury Litigation*, No. 2:12-md-02323 (E.D. PA). On June 24, 2019, this Court issued its Final Order of Garnishment requiring the Claims Administrator for the NFL Concussion Settlement Program to forward the funds to which Defendant was entitled to the Clerk of Courts, U.S. District Court, in an amount of approximately $682,379.16. One of Defendant's victims is Anita L. Barney. According to the U.S. Attorney's Office, it is estimated that Ms. Barney is entitled to receive approximately $177,975 out of the funds currently being held by the Clerk.

Ms. Barney was a criminal defendant in the case State of Ohio v. Anita L. Barney, Case No. 12CR-3274, in the Franklin County Common Pleas Court, Criminal Division. She pleaded guilty to two counts of theft (Ohio Revised Code §2913.02). A copy of the Entry of Guilty Plea is attached as Exhibit A. Ms. Barney was sentenced to three years of community control, and was ordered to pay a fine of $5,000 and restitution in the total amount of $426,800.00 to 19 victims. A copy of the Judgment Entry is attached as Exhibit B. To date no restitution has been paid by Ms. Barney.

Ohio Revised Code §2929.18(D) provides that an order of restitution is an order in favor of the victim of the offender's criminal act. While the individual victims have the statutory right to seek a certificate of judgment in order to attempt to execute on that judgment, judicial economy and justice requires that this Court order the District Clerk to turn over funds it currently has in its

possession for the benefit of Anita Barney, so that her 19 victims share *pro rata* in those funds and so that 19 separate collection actions are not initiated.

This motion is further necessitated by the fact that under Ohio law, the United States, the states, and their political subdivisions and agencies cannot be summoned as a garnishee. See, *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, 919 N.E.2d 219. Thus, even if the individual victims of Ms. Barney were to attempt to file 19 individual actions, they still would not be able to garnish the funds being held by the District Clerk, thus frustrating the State's order of restitution, and, indeed, justice itself. This motion is the only vehicle available to the State of Ohio and the victims of Ms. Barney to obtain justice.

Based upon the foregoing, the State of Ohio respectfully requests that this Court issue an Order, in a form as attached as Exhibit C, requiring the District Clerk to turn over to the Franklin County Common Pleas Clerk of Courts, 345 South High St., Columbus Ohio, 43215, the amount of $177,975, or such appropriate amount as determined by the U.S. Attorney's Office, of the funds currently in its possession belonging to Anita L. Barney to be applied to the fine obligation and restitution obligation imposed against Anita L. Barney in Franklin County Common Pleas Court, Criminal Division Case No. 12CR-3274.

                                        Respectfully submitted,

                                        **RON O'BRIEN**
                                        **PROSECTING ATTORNEY**
                                        **FRANKLIN COUNTY, OHIO**

                                        *Nick A. Soulas, Jr.*
                                        Nick A. Soulas, Jr.   (0062166)
                                        First Assistant Prosecuting Attorney
                                        373 South High Street, 13th Fl.
                                        Columbus, Ohio 43215-6318
                                        Tel:     (614) 525-3520
                                        Fax:    (614) 525-6012
                                        E-mail:   nasoulas@franklincountyohio.gov

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and emailed to William L. Loveland, Loveland Law, LLC, 3300 Riverside Drive, Suite 125, Upper Arlington, Ohio 43221, via email at *wloveland@lovelandlaw.net*, this 16th day of June, 2020.

*Nick A. Soulas, Jr.*
Nick A. Soulas, Jr. (0062166)
First Assistant Prosecuting Attorney

**EXHIBIT A**

58078 - D31

**IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO**
**CRIMINAL DIVISION - GENERAL DIVISION**

COMMON PLEAS COURT
FRANKLIN CO., OHIO
2012 SEP 11 AM 10:56
CLERK OF COURTS

State of Ohio
  Plaintiff,

vs.

Anita L. Barney
  Defendant.

Case No.: __12 CR 3274__

Indictment for: __Information__

__(2) Theft (2913.02 R.C.) (F-4)__

**ENTRY OF GUILTY PLEA**

I, __Anita L. Barney__, Defendant in the above-styled case, am being represented by __William Loveland__, as legal counsel. My Constitutional and Statutory rights have been explained to me by the Court and by my counsel. I have reviewed the facts and law of my case with my counsel. I now desire to withdraw my previously-entered general plea of "Not Guilty" and I now plead "Guilty" to __Counts 1 and 2 : Theft (2913.02 R.C.) (F-4)__

I understand that my guilty plea(s) to the crime(s) specified constitute(s) both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case. I further understand that by pleading "Guilty", I waive a number of important and substantial constitutional, statutory and procedural rights, which include, but are not limited to, the right to have a trial by jury, the right to confront witnesses against me, to have compulsory subpoena process for obtaining witnesses in my favor, to require the State to prove my guilt beyond a reasonable doubt on each crime herein charged at a trial at which I cannot be compelled to testify against myself, and to appeal the verdict and rulings of the trial Court made before or during trial, should those rulings or the verdict be against my interests.

I understand the maximum prison term(s) for my offense(s) to be as follows: __18 months as to each count. Total = 36 months__

I understand that the prosecution and defense jointly recommended to the Court sentence(s) of R.C. 2953.08(D): _____

**Place an X in the appropriate box(es)**

If the Court finds me guilty of a Repeat Violent Offender Specification (R.C. 2941.149) and the Court imposes the maximum prison term(s) for the underlying offense(s); or guilty of a violation of R.C. 2925.03, 2925.04, or 2925.11 that requires a ten-year prison term; or guilty of a Major Drug Offender Specification (R.C. 2941.1410) that requires a ten year prison term(s) for the underlying offense(s); or guilty of R.C. 2923.32 when the most serious offense in the pattern is a first degree felony that requires a ten-year prison term; or guilty of an attempted forcible violation of R.C. 2907.02 with the victim being under 13 years of age that requires a ten-year prison term; I understand that the Court may impose an additional prison term of 1-10 years to each term. ☐

I understand that R.C. 2929.13(F) requires mandatory prison term(s) for the following offenses and that I will not be eligible for community control sanctions, judicial release, or earned days of credit in relation to this/these term(s). _____ ☐

I understand that R.C. 2929.13(D) establishes a presumption in favor of a prison term for the following offense(s): _____ ☐

I understand that the Court may impose community control sanctions upon me. If I violate the conditions of such community control sanctions or the condition under R.C. 2951.02(C)(1b), I understand that the Court may extend, up to five years, the time for which I am subject to community control sanctions, impose more restrictive sanctions, or imprison me for up to the maximum term(s) allowed for the corresponding offense(s) as set forth above. ☒

DEFENDANT __/s/ Anita L. Barney__   ATTORNEY FOR DEFENDANT __/s/ William Loveland__

PA-2-CR-Guilty Plea Page 1 (Rev. 4-2007)   PAGE 1 OF 2

58078 - D32

Case No.: 12CR3274

If the Court imposes a prison term, I understand that the following period(s) of post-release control is/are applicable:

**Place an X in the appropriate box(es)**

F-1 ............................................................................. Five Years - Mandatory ☐

Felony Sex Offense .................................................... Five Years - Mandatory ☐

F-2 ............................................................................. Three Years - Mandatory ☐

F-3 with Cause or Threat of Physical Harm .............. Three Years - Mandatory ☐

**Place an X in the appropriate box(es)**

F-3 without Cause or Threat of Physical Harm ..... Up to Three Years - Optional ☐

(F-4) ...................................................................... Up to Three Years - Optional ☒

F-5 ........................................................................ Up to Three Years - Optional ☐

I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed. I understand that I may be prosecuted, convicted, and sentenced to an additional prison term for a violation that is a felony. I also understand that such felony violation may result in a consecutive prison term of twelve months or the maximum period of unserved post-release control, whichever is greater. Prison terms imposed for violations or new felonies do not reduce the remaining post-release control period(s) for the original offense(s).

I understand that each felony count to which I am pleading guilty corresponds with the following fine(s) (R.C. 2929.18):

**Place an X in the appropriate box(es)**

Aggravated Murder ............................................... Up to $25,000 ☐

Murder .................................................................. Up to $15,000 ☐

F-1 ........................................................................ Up to $20,000 ☐

F-2 ........................................................................ Up to $15,000 ☐

**Place an X in the appropriate box(es)**

F-3 ........................................................................ Up to $10,000 ☐

(F-4) ..................................................................... Up to $5,000 ☒

F-5 ........................................................................ Up to $2,500 ☐

For F-1, F-2, or F-3 Drug Offenses (violations of R.C. 2925, 3719, or 4729) - Mandatory Fine of at Least One-Half of the Maximum for Underlying Offense ........ ☐

For Offenses Subject to R.C. 2929.25 - Optional Fine of Not More Than $1 Million Dollars ........................................................................... ☐

For Offenses Subject to Organizational Penalties under R.C. 2929.31 - Mandatory Fines as Follows: _____ ☐

I understand that the Court may also require me to pay costs, restitution, day fines, and/or costs of all sanctions imposed upon me. I understand that the imposition of financial sanctions would constitute a civil judgment against me. (R.C.2929.18) **Total restitution requested = $426,800**

I understand that I am (am not) subject to mandatory driver's license suspension for not less than six months nor more than five years.

I understand that the Court upon acceptance of my plea(s) of "Guilty" may proceed with judgment and sentence. I hereby assert that no person has threatened me, promised me leniency, or in any other way coerced or induced me to plead "Guilty" as indicated above; my decision to plead "Guilty," thereby placing myself completely and without reservation of any kind upon the mercy of the Court with respect to punishment, represents the free and voluntary exercise of my own will and best judgment. I am completely satisfied with the legal representation and advice I have received from my counsel. I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction.

I am (am not) a citizen of the United States of America. I understand that, if I am not a citizen of the United States, my conviction of the offense(s) to which I am pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

DEFENDANT: _(signature)_

I hereby certify that I have counseled my client to the best of my professional ability with respect to the facts and law of this case. I have also diligently investigated his/her cause and assertions and possible defenses. I represent my client is competent to proceed to change his/her plea(s), as indicated hereinabove, and, in my opinion, that he/she acts knowingly, voluntarily, and intelligently in such matter.

ATTORNEY FOR DEFENDANT: _(signature)_

The Court, being fully advised as to the facts, hereby accepts the defendant's plea(s) of "Guilty," entered hereinabove, as voluntarily and intelligently made, with full knowledge of the consequences thereof, including waivers of all applicable rights and defenses and understanding of maximum penalties. Upon recommendation of the Prosecuting Attorney, in consideration of said plea(s) of "Guilty," the Court hereby enters a Nolle Prosequi as to Counts: _____

APPROVED: _(signature)_  0067001
Assistant Prosecuting Attorney

_(signature)_  0087649
Attorney for the Defendant

JUDGE: _(signature)_

Date: 7/2/12

FILED COMMON PLEAS COURT 2012 SEP 11 AM 10:56 CLERK OF COURTS

PA-2-CR-Guilty Plea Page 2 (Rev. 4-2007)    PAGE 2 OF 2

EXHIBIT B

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
### CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | TERMINATION NO. 12 BY: FM |
| Plaintiff, | : | |
| vs. | : | CASE NO. 12CR-07-3274 |
| ANITA L. BARNEY, | : | JUDGE HORTON |
| Defendant. | : | |

2012 SEP 11 AM 9:21
CLERK OF COURTS
FILED COMMON PLEAS COURT

### JUDGMENT ENTRY
(Community Control Imposed)

On July 2, 2012, the State of Ohio was represented by Assistant Prosecuting Attorney Ron O'Brien and Jason Moore and the Defendant was represented by counsel, William Loveland, Esq. The Defendant, after being advised of her rights pursuant to Crim. R. 11, entered pleas of **guilty** to **Counts One and Two** of the indictment, to-wit: **THEFT**, in violation of Section 2913.02 of the Ohio Revised Code, **felonies** of the **4th degree.**

The Court found the Defendant guilty of the charges to which the pleas were entered and proceeded immediately to sentencing. The Assistant Prosecuting Attorney and the Defendant's attorney did not jointly recommend a sentence.

On July 2, 2012, a sentencing hearing was held pursuant to R.C. 2929.19. The Court afforded counsel an opportunity to speak on behalf of the Defendant and addressed the Defendant personally, affording her an opportunity to make a statement on her own behalf in the form of mitigation and to present information regarding the existence or nonexistence of the factors the Court has considered and weighed.

The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is not mandatory pursuant to R.C. 2929.13(F).

The Court hereby imposes a period of Community Control for **THREE (3) YEARS – BASIC SUPERVISION.** In addition to the provisions of R.C. 2951.02 and the general requirements of the Franklin County Adult Probation Department, as authorized by the Common Pleas Court and as given to the Defendant in writing, the Court imposes the following Community Control Sanctions (See R.C. 2925.15, R.C. 2929.16 and R.C. 2929.17): **THE DEFENDANT WILL ABIDE BY THE RULES AND REGULATIONS OF THE PROBATION DEPARTMENT. THE DEFENDANT SHALL PERFORM COMMUNITY SERVICE FOR ONE HUNDRED (100) HOURS.**

The Court has considered the Defendant's present and future ability to pay a fine and financial sanction and briefs filed in consideration of restitution in this case. Pursuant to R.C. 2929.18, the Court hereby renders judgment for the following fine and/or financial sanctions: **DEFENDANT SHALL PAY A FINE IN THE AMOUNT OF $5,000.00, COURT COSTS IN AN AMOUNT TO BE DETERMINED AND RESTITUTION IN THE TOTAL AMOUNT OF $426,800.00. BREAKDOWN OF RESTITUTION IS AS FOLLOWS: $20,000.00 TO DAVID FROGGATT, 10211 ALKIRE ROAD, GROVE CITY, OHIO 43123, $10,000.00 TO THOMAS ELLIOTT, 5299 KNOTTING WOODS DRIVE, WESTERVILLE, OHIO 43081, $30,000.00 TO CHARLES RUMA, 4020 VENTURE COURT, COLUMBUS, OHIO 43228, $29,400.00 TO ART SIGNORE, 6097 HOLYWELL DRIVE, DUBLIN, OHIO 43017, $11,000.00 TO ROBERT FINLEY, 6202 BALMORAL DRIVE, DUBLIN, OHIO 43017, $30,000.00 TO DEAN HUGHES, 9482 PAGETT PLACE, POWELL, OHIO 43065, $94,000.00 TO PATTY BRUNDIGE, 4872 CHATELAINE DRIVE, DUBLIN, OHIO 43017, $33,000.00 TO HELEN HARGROVE, 442 FOX MEADOWS DRIVE, NORTHFIELD, ILLINOIS 60093, $25,000.00 TO JOHN MCCARTHY, 1127 SEMINOLE EAST, UNIT 16C, JUPITER, FLORIDA 33477, $20,000.00 TO VINCE CAREY, 802 WINGFOOT DRIVE, APT. A, JUPITER, FLORIDA 33458, $30,000.00 TO FRANK ADAMS, 8682 S.E. DUNCAN STREET, HOBE SOUND, FLORIDA 33455, $2,000.00 TO STEVE PHILLIPS, 5646 MARMION DRIVE, DUBLIN, OHIO 43016, $30,000.00 TO NANCY NEAR, 27420 HIDDEN RIVER COURT, BONITA SPRINGS, FLORIDA 34134, $10,000.00 TO GILDA BRUMFIELD, 3395 DEMPSEY ROAD, WESTERVILLE, OHIO 43081, $5,000.00 TO GENE DEANGELO, 2451 BRIXTON ROAD, COLUMBUS, OHIO 43221, $9,900.00 TO EDDIE POLINA, 7240 MUIRFIELD DRIVE, DUBLIN, OHIO 43017, $12,000.00 TO JOSEPH YORK, 10255 BRAEMAR DRIVE, POWELL, OHIO 43065, $15,000.00 TO SUSAN MUSICK, 1444 OAKVIEW DRIVE, COLUMBUS, OHIO 43235 AND $10,500.00 TO JUNIOR HEINLIEN, 600 WESTFIELD TOWNSHIP ROAD 147, CARDINGTON, OHIO 43315.**

Following imposition of Community Control, the Court pursuant to R.C. 2929.19(B)(5) reminded Defendant orally and in writing what could happen if she violates Community Control. The Court further indicated that if the Defendant violates Community Control she will receive a specific prison term of **EIGHTEEN (18) MONTHS AS TO COUNT ONE AND EIGHTEEN (18) MONTHS AS TO COUNT TWO, TO RUN CONSECUTIVE WITH EACH OTHER, TO BE SERVED** at the **OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

The Court has factually found that Defendant has **(- 0 -) days** of jail time credit up to and including this sentencing date.

_____
TIMOTHY S. HORTON, JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff,** | : |
| | : CRIMINAL NO: 2:11-CR-223 |
| | : JUDGE WATSON |
| vs. | : |
| | : |
| | : |
| **ARTHUR SCHLICHTER** | : |
| | : |
| **Defendant.** | : |

## ORDER

The Court having considered the Motion filed by State of Ohio, in which the State of Ohio requests that the United States District Court Clerk to turn over to the Franklin County Common Pleas Clerk of Courts, $177,975 of the funds currently in its possession belonging to Anita L. Barney.

The Court hereby **ORDERS** that the United States District Court Clerk issue a check, made payable to the Franklin County Common Pleas Clerk of Courts, and sent to Clerk, Franklin County Common Pleas Court, 345 South High St., Columbus Ohio, 43215, in the amount of $177,975 representing monies recovered from the Defendant.

**IT IS HEREBY ORDERED**.

_____
UNITED STATES DISTRICT JUDGE